# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES L. LUPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-1068-M |
| | ) |
| AMERICAN FIDELITY ASSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant American Fidelity Assurance Company's Motion to Dismiss, or in the Alternative, For a More Definite Statement, filed November 18, 2013. On December 9, 2013, plaintiff responded, and on December 16, 2013, defendant replied. Based on the parties' submissions, the Court makes its determination.

I.  Background

Plaintiff, a Caucasian male over 50 years of age, was employed continuously with defendant from on or about June 1, 1983, until he was terminated on or about January 24, 2013. Plaintiff filed this action on October 7, 2013, alleging employment discrimination due to race, gender, and age in violation of federal and state laws including the Age Discrimination in Employment Act, 29 U.S.C. § 626(c) ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, §§ 1101, et seq. ("OADA").

II.  Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

1

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

Under Title VII,

> It is unlawful to discharge any individual or otherwise to discriminate against any individual with respect to compensation,

> terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

*Khalik*, 671 F.3d at 1192 (citing 42 U.S.C. § 2000e-2(a)) (internal quotations omitted). Further under the OADA,

> A. It is a discriminatory practice for an employer:
>
> 1. To fail or refuse to hire, to discharge, or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment, because of race, color, religion, sex, national origin, age, genetic information or disability,

Okla. Stat. tit. 25, § 1302(A)(1). Lastly, under the ADEA,

> It shall be unlawful for an employer-- (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; . . . .

29 U.S.C. § 623(a)(1).

Plaintiff alleges that the reasons for his termination were pretextual and the real reasons were discrimination based on age, gender, and plaintiff's association with and support of hiring African-American employees. Compl. ¶17. Defendant asserts that "none of plaintiff's allegations are sufficient to nudge his claims across the line from 'conceivable to plausible' and, therefore, should be dismissed." Mtn. to Dis. at 4.

    A.    <u>Gender Discrimination</u>

The *McDonnell Douglass* framework is applied in Title VII discrimination cases and requires plaintiff to set forth a prima facie case of discrimination by showing (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he was qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. *Khalik*, 671 F.3d at 1192. However, in a situation such as the case at bar, where plaintiff is a not a member of a traditionally protected class, the Tenth Circuit has found that

> [A] plaintiff who presents direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability, that but for the plaintiff's status the challenged employment decision would have favored the plaintiff states a prima facie case of intentional discrimination under Title VII.

*Nortari v. Denver Water Dep't.*, 971 F.2d 585, 590 (10th Cir. 1992). As stated in *Khalik,* a plaintiff is not required to make out a prima facie case to survive a Rule 12(b)(6) motion, but setting forth the elements in the Complaint helps the Court determine if plaintiff has a plausible claim. The Tenth Circuit further stated in *Khalik* that, "plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (internal quotations and citations omitted).

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not sufficiently pled a gender discrimination claim. Plaintiff alleges that his gender and/or the combination of his gender and age was one of the motivating factors to terminate him; however, the Court finds that the only allegations made as to gender discrimination in plaintiff's Complaint were the following,

> Defendant acted to favor younger employees and female employees over older male employees. As an example in 2012 Defendant filled approximately six to nine major management positions with younger women.
>
> The reasons for Plaintiff's termination were pretextual and the real reasons were discrimination based on age, gender[,] and Plaintiff's association with and support of hiring of African American employees.

Compl. ¶¶ 7 & 17. Even if the Court construes this as true, plaintiff fails to set forth sufficient allegations showing but for him being a male, he would not have been terminated from his position. The Court finds plaintiff's allegation of gender discrimination is of the general nature

referred to by the *Khalik* court and, further, is conclusory and devoid of the further factual enhancement needed for a plausible claim. Accordingly, the Court finds that plaintiff's gender discrimination claim should be dismissed.

    B.    <u>Age Discrimination</u>

The United States Supreme Court in *O'Connor v. Consol. Coin Caterers Corp.* assumed that the *McDonnell Douglass* framework applied to ADEA cases. *O'Connor*, 517 U.S. 308, 311 (1996). Just as in Title VII discrimination cases, plaintiff must show (1) he was in the age group protected by the ADEA[1]; (2) he was discharged or demoted; (3) at the time of his discharge or demotion, he was performing his job at the level that met his employer's legitimate expectations; and (4) following his discharge or demotion, he was replaced by someone of comparable qualifications outside the protected class. Defendant asserts that plaintiff's age discrimination claim lacks any factual enhancement required to defeat a Rule 12(b)(6) motion, and plaintiff contends that his claim is sufficient.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has sufficiently stated a claim for age discrimination. In his Complaint, plaintiff alleges

> Defendant acted to favor younger employees and female employees over older male employees. As an example in 2012 Defendant filled approximately six to nine major management positions with younger women.
>
> Starting in approximately 2011 Plaintiff's second level supervisor (Kim Fisher, approximately 10 years younger) made age discriminatory remarks directed toward the plaintiff.
>
> Starting in 2012, the new human resources director (Bev Wood, age approximately late 30's/early 40's) made discriminatory remarks generally directed toward Defendant's employee work force.

---

[1] The ADEA protects individuals at least 40 years of age. *See* 29 U.S.C. § 631(a).

> Plaintiff complained of age discrimination to Janet Rice, Senior Manager, [of] human resources. No corrective action was taken and to Plaintiff's knowledge no investigation was conducted.
>
> In January 2013, Plaintiff was terminated by Ms. Fisher, Ms. Bittle, and Ms. Wood based on the false allegations of software violations.
>
> The reasons for Plaintiff's termination were pretextual and the real reasons were discrimination based on age, gender[,] and Plaintiff's association with and support of hiring of African American employees.

Compl. ¶¶ 7, 9, 11, 14, 15, 17. The Court finds the allegations of age discriminatory remarks directed at the plaintiff and of plaintiff complaining about the remarks and not experiencing any corrective action are sufficiently alleged facts to set forth a plausible claim. Accordingly, the Court finds that plaintiff's age discrimination claim should not be dismissed.

### C. Race Discrimination

"Plaintiff asserts that he was discriminated against because of his association with African-American employees." Plf.'s Resp. at 11. Under Section 1981,

> (a) Statement of equal rights -
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The Tenth Circuit has found that "a number of courts have recognized that an employee who has been the subject of employer retaliation because of his efforts to vindicate rights of racial minorities may bring an action under § 1981." *Skinner v. Total Petroleum, Inc.*, 859 F. 2d 1439, 1447 (10th Cir. 1988). *See also Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989) ("alleged discrimination against a white person because of his association

with blacks may state a cause of action under Section 1981"). Defendant contends that the facts in *Phelps* (plaintiff was terminated for assisting minority co-worker with filing an EEOC claim), as well as, in *Patrick v. Miller*, 953 F.2d 1240, 1250 (10th Cir. 1992) ("where the plaintiff was terminated after allegedly supporting a minority coworker who filed a racial discrimination complaint against their employer") are not analogous to the case at bar. Def.'s Reply at 5.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has sufficiently pled a racial discrimination claim under Section 1981. In plaintiff's Complaint, he alleges:

> The Defendant also maintained a practice of discriminating against African American employees. Defendant has consistently maintained a very low percentage of African Americans and virtually no African American managers in Oklahoma. A significant percentage of the African American employees hired and promoted were hired and promoted by Plaintiff.
>
> Defendant also used plaintiff's termination as an opportunity to discriminate against certain African-American male employees who had been hired by Plaintiff.
>
> The reasons for Plaintiff's termination were pretextual and the real reasons were discrimination based on age, gender[,] and Plaintiff's association with and support of hiring of African American employees.

Compl. ¶¶ 8, 16, & 17. The Court finds that plaintiff's alleged claim that he was terminated because of his efforts in hiring and promoting African-Americans within American Fidelity Assurance Company is sufficient to set forth a plausible race discrimination claim. Accordingly, plaintiff's racial discrimination claim should not be dismissed.

IV.     Leave to Amend Complaint

Plaintiff requests the Court grant leave to file an amended complaint, if the Court determines that further pleadings are required. The Court finds that in the interest of justice, plaintiff should be granted leave to file an amended complaint in order to specifically allege facts regarding his gender discrimination claims.

V.      Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendant American Fidelity Assurance Company's Motion to Dismiss, or in the Alternative, for a More Definite Statement [docket no. 8] as follows:

1. The Court GRANTS defendant's motion to dismiss as to plaintiff's gender discrimination claim, DISMISSES without prejudice plaintiff's gender discrimination claim, and GRANTS plaintiff leave to file an Amended Complaint as to his gender discrimination claim. Plaintiff shall have fourteen (14) days from the date of this Order to file an Amended Complaint, and

2. The Court DENIES defendant's motion to dismiss as to plaintiff's age and racial discrimination claims.

**IT IS SO ORDERED this 20th day of May, 2014.**

*[Signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE