IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES L. LUPTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-13-1068-M |
| AMERICAN FIDELITY ASSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Defendant American Fidelity Assurance Company's ("AFA") Motion to Consolidate this Action with Three Related Cases and Brief in Support, filed February 14, 2014. On February 24, 2014, plaintiff filed his response, and on March 3, 2014, defendant filed its reply. Based on the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff ("Lupton"), a Caucasian male over 50 years of age, was employed continuously with defendant from on or about June 1, 1983, until he was terminated on or about January 24, 2013. Plaintiff filed this action on October 7, 2013, alleging employment discrimination due to race, gender, and age in violation of federal and state laws including the Age Discrimination in Employment Act, 29 U.S.C. § 626(c) ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, §§ 1101, et seq. ("OADA").

AFA, pursuant to Federal Rule of Civil Procedure 42(a), requests this Court consolidate this action with the following three related actions pending before different judges in the United States District Court for the Western District of Oklahoma: (1) *David R. McClam v. American Fidelity Assurance Company*, Case No. CIV-13-1307-F; (2) *Gary R. Tripp v. American Fidelity*

1

*Assurance Company,* Case No. CIV-13-1311-D; and (3) *Gerald S. Crabbe v. American Fidelity Assurance Company,* Case No. 13-1358-R (collectively known as the "related cases").[1] AFA asserts that all four cases arise out of the same nucleus of facts and "contain similar (and in some instances) identical claims and allegations, and involve the same witnesses."[2] Mtn. to Consol. at 2. Plaintiff contends that consolidating this action with the related cases would create unfair prejudice.

II.     Discussion

Federal Rule of Civil Procedure 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a). Consolidation is permitted as a matter of convenience and economy when claims made in separate actions arise out of the same transaction and involve common issues of law and facts and where consolidation accomplishes considerations of judicial economy and fairness. *See Harris v. Illinios-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

---

[1] Plaintiffs in the related cases all allege racial discrimination pursuant to Title VII, Section 1981, and the OADA, and retaliation and preemptive retaliation for supporting an employee claiming age discrimination, pursuant to the ADEA and the OADA.

[2] On October 23, 2012, Sheila Adams, employed by AFA within the Field Hotline Team ("Team") complained that some of her colleagues on the Team were viewing pornographic movies and materials on their AFA issued computers during work hours. In addition to Mrs. Adams, the team consisted of Gary Tripp ("Tripp"), David McClam ("McClam"), Gerald Crabbe ("Crabbe"), and David Divelbliss and, during the relevant time period, was managed by Lupton. Mtn. to Consol. at 2. AFA initiated an internal investigation and, with consent from Lupton and the other members of the Team, retrieved AFA owned computer assets and conducted a forensic analysis of the computer assets. The forensic analysis revealed inappropriate computer usage relating to Tripp, Crabbe, McClam, and Lupton. As a result of the findings of the forensic analysis, as well as other reasons, Tripp was terminated on November 2, 2012; Lupton was terminated on January 24, 2013; Crabbe was demoted and put on probation on February 8, 2013, and McClam was put on probation and his grandfather salary was adjusted downward to match his current position's pay grade. *Id.* at 5-6.

The party requesting consolidation bears the burden to show that judicial economy is outweighed by the possibility of delay or prejudice to the opposing party. *See Blagg v. Line*, Case No. CIV-09-0703, 2010 WL 3893981, *1 (N.D. Okla. 2010) (unpublished opinion) (citing *Bank of Montreal v. Eagle Assocs.,* 117 F.R.D. 530, 532 (S.D.N.Y.1987)). The determination whether to consolidate rests within the sound discretion of the trial court. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). A trial court in its discretion should not consolidate actions where confusion or prejudice may result. *See St. Paul Fire & Marine Ins. Co. v. King*, 45 F.R.D. 519, 520 (W.D. Okla. 1968).

Having carefully reviewed the parties' submissions, the Court finds a Rule 42(a) consolidation is not appropriate in this case. Specifically, the Court finds that while the initial complaint by Mrs. Adams is what spurred the investigation into Lupton, Tripp, Crabbe, and McClam's computer usage, each of these individuals experienced individualized adverse employment action.[3] Further, AFA, in its Motion to Consolidate and Brief in Support, stated that the inappropriate computer usage was not the only AFA policy infraction or factor that was considered in its decision to demote, discipline, and/or terminate Lupton, Tripp, Crabbe, and McClam. Mtn. to Consol. at 4, fn. 2. The Court agrees with AFA that the plaintiffs' claims in the related cases are virtually identical (race discrimination and supporting an employee claiming age discrimination), and similar to Lupton's claims (discrimination based on gender, age, and support employees claiming race discrimination); however, the Court finds that if the cases were

---

[3] Lupton was terminated for alleged violations of AFA's corporate security policy, allowing unauthorized access of a laptop to his daughter, and saving personal files on a company laptop. Pl.'s Resp. at 2. Initially, Crabbe was demoted and put on probation due to the findings of the forensic analysis report, but was later terminated when it was determined he was improperly clocking in and out for work. Mtn. to Consol. at 6. Tripp was terminated as a result of the findings of the forensic investigation. *Id.* at 5. McClam is still employed at AFA and was put on probation with his salary adjusted downward to match his current position.

to be consolidated, any individualized evidence presented pertaining to a certain plaintiff, could be prejudicial to the other plaintiffs. Accordingly, because the nature of the potential evidence could lead to unfair prejudice, as well as confusion, the Court finds the related cases should not be consolidated with this action.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendant American Fidelity Assurance Company's Motion to Consolidate this Action with Three Related Cases and Brief in Support [docket no. 11].

**IT IS SO ORDERED this 27th day of May, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE